# Exhibit A

**From:** Basile, James F.
**Sent:** Monday, March 26, 2012 5:43 PM
**To:** 'Daniel Kotchen'
**Subject:** RE: Sambreel v. Facebook

Dan,

You do not have a hearing date at this point.  Both dates you previously sought have been vacated.  While you have the right to initially seek a  third hearing date, the court can adjust it on our request if it is not reasonable given all of the circumstances.   Thus, we are asking that rather than unilaterally attempting to notice a third date for a preliminary injunction, that you meet and confer with us to discuss a joint schedule for moving forward.  It appears from your response that plaintiffs believe that no affirmative discovery is necessary or appropriate before the preliminary injunction hearing.  Can you confirm that?  It also appears that you intend to proffer no expert testimony.  Can you confirm that?  Regardless of plaintiffs' position on discovery or experts, Facebook intends to seek fact discovery and likely will be proffering experts in advance of any injunction hearing.  Nothing in the rules or precedent requires us to concede to an injunction on a temporary basis in order to get a schedule consistent with orderly administration and due process.  If you proceed to unilaterally notice a hearing, rather than meeting and conferring, we will accept your position as a final one and move forward with motions practice regarding scheduling as needed.  Once again,  I think it would benefit all of us if we had a simple call tomorrow to discuss where we are re discovery and experts.

James F. Basile
Kirkland & Ellis LLP
415-439-1471
415-439-1371
555 California Street, 27th Floor
San Francisco, CA  94104

**From:** Daniel Kotchen [mailto:dkotchen@kotchen.com]
**Sent:** Monday, March 26, 2012 5:22 PM
**To:** Basile, James F.
**Cc:** Robert A. Klinck
**Subject:** Re: Sambreel v. Facebook

Jim,


I understood from our call from earlier today that Facebook viewed the April 23 hearing date as a "placeholder" and wanted to postpone the hearing until after (1) the Court issued a decision on a motion to dismiss Facebook intends to file and (2) Facebook had an opportunity to conduct discovery. Sambreel does not believe that it is necessary for the Court to decide the motion to dismiss prior to considering the preliminary injunction motion and does not believe that we should delay the preliminary injunction hearing until after the parties have conducted discovery. We would nonetheless accomodate Facebook's requests provided that Facebook agreed in the interim to Sambreel's requested injunctive relief. That approach ensures that Sambreel suffers no irreparable harm while the parties proceed with the litigation. I take it from your e-mail that Facebook is not willing to agree to this proposal, so Sambreel must have its Preliminary Injunction motion decided at the earliest possible time.


On the issue of scheduling a hearing, Sambreel is following the local practice in the Southern District of California. Under the local rules and the judges' practices, a party must obtain a hearing date from the judge's chambers prior to filing a motion. In accordance with this practice, Sambreel obtained the April 23 date prior to filing its motion for preliminary injunction. Because the case has been reassigned – and the April 23 hearing date has been vacated – Sambreel must file a new "notice" of motion with a new hearing date. Thus, we are in the process of obtaining a date for Sambreel's preliminary injunction motion.  Please let us know if you would like to discuss.

Best,

Daniel Kotchen
Kotchen & Low LLP
2300 M Street N.W., Suite 800
Washington, D.C.  20037
(202) 416-1848 (office)
(202) 468-4014 (cell)

---------------------------------------------------------------------------------------

This e-mail and any attachments are intended only for use by the addressee(s) and may contain legally privileged, confidential, or proprietary information. If you received this message in error, please inform me promptly via reply e-mail and delete all copies of the message, including printed copies. Do not disseminate, distribute or copy the email. Thank you.
---------------------------------------------------------------------------------------


----- Original Message -----
**From:** Basile, James F.
**To:** Daniel Kotchen
**Sent:** Monday, March 26, 2012 6:13 PM
**Subject:** RE: Sambreel v. Facebook

Dan --

Thanks for getting back to me today about the preliminary injunction.   When we spoke this morning, I proposed that we should work together to address scheduling and discovery issues and I remain of that view.  At that time, I asked whether you would be seeking discovery and proffering experts in support of your injunction motion and suggested we should discuss those issues and then try to approach the court with an agreed proposed schedule and hearing date.  You said you were unable to take a formal position on whether you thought you needed any discovery for your preliminary injunction motion and wanted to discuss discovery

and scheduling issues with your team.   It now appears that rather than coming back to me with proposals you instead contacted Judge Miller's chambers to reserve a preliminary injunction hearing date but have not taken a position on the scope or timing of discovery in advance of that hearing.

On our call this morning, I also shared with you that we were going to file a motion to dismiss, that we were willing to agree to expedited briefing of it, and that this  also should factor that into our scheduling discussions.  As I explained on the call, our motion to dismiss to will raise significant threshold issues that the Court should address before turning to the preliminary injunction, including, at a minimum, the pleading of the markets at issue and the legal applicability of per se analysis.  Knowing this, you reserved May 7 as the tentative date for the preliminary injunction hearing and have now offered to alter that date only if Facebook agree to an injunction of its lawful conduct.   This is a counterproductive demand that we urge plaintiffs to reevaluate to avoid motions practice.

As I also mentioned earlier today, we are willing to proceed on the motion to dismiss issues on an expedited basis given plaintiff's preliminary injunction motion.  There should be a ruling on that motion before Facebook is required to file an opposition to your preliminary injunction motion.   At a very basic level, how could Facebook or the Court evaluate plaintiff's likelihood of success on the merits of claims that have not even been properly plead?   To the extent that your side wants to proceed with some discovery while a motion to dismiss is pending, Facebook may be willing to make that accommodation if we were able to reach an agreement on a reasonable overall hearing schedule and scope of discovery.

Regarding discovery, your email does not address my request of earlier today whether plaintiffs intend to pursue fact and expert discovery in advance of the preliminary injunction or propose any parameters for that discovery.  Before Facebook could agree to a preliminary injunction hearing date, at a minimum we need some understanding of (i) what, if any, fact discovery plaintiffs will seek from Facebook, (ii) what, if any, expert discovery are plaintiffs proposing and (iii) how quickly will plaintiffs be able to respond to discovery from Facebook.

I also note that this afternoon Judge Miller has recused himself and we have been assigned to Judge Bencivengo.  I would urge that we collaboratively discuss a scheduling approach before you unilaterally schedule a hearing.  I think it will save resources for all parties as well as the court and result in a more efficient process.  To move the process forward and hopefully avoid scheduling motions practice with the court, we should schedule a call tomorrow to discuss scheduling and discovery issues.   I can be available as early as 8:30 am (pacific) tomorrow.  I look forward to hearing from you and am hopeful that we can reach a mutually agreeably approach to scheduling the proceedings.

James F. Basile
Kirkland & Ellis LLP
415-439-1471
415-439-1371
555 California Street, 27th Floor
San Francisco, CA  94104

---

**From:** Daniel Kotchen [mailto:dkotchen@kotchen.com]
**Sent:** Monday, March 26, 2012 2:10 PM
**To:** Basile, James F.
**Cc:** Robert A. Klinck
**Subject:** Sambreel v. Facebook

Jim,

3

I am writing to follow up on our telephone call from earlier today regarding the timing of the preliminary injunction hearing in Sambreel v. Facebook.  We have spoken to Judge Miller's chambers and have reserved a new hearing date for May 7, 2012.  Under the current schedule, Facebook will have until April 13 to file its opposition.  For Sambreel to agree to extend the schedule for the preliminary injunction hearing, Sambreel would need Facebook:  (1) to agree to the entry of a stipulated Order that tracks Sambreel's requested injunctive relief, which will remain in effect until the Court decides the preliminary injunction, and (2) to agree that discovery will proceed while  Facebook's motion to dismiss is pending.  If this is agreeable to Facebook, the parties can discuss specific timing issues and work out a joint stipulated Order for the Court.

Best,

Daniel Kotchen
Kotchen & Low LLP
2300 M Street N.W., Suite 800
Washington, D.C.  20037
(202) 416-1848 (office)
(202) 468-4014 (cell)


-------------------------------------------------------------------------------------
This e-mail and any attachments are intended only for use by the addressee(s) and may contain legally privileged, confidential, or proprietary information. If you received this message in error, please inform me promptly via reply e-mail and delete all copies of the message, including printed copies. Do not disseminate, distribute or copy the email. Thank you.

-------------------------------------------------------------------------------------



************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
************************************************************