# Exhibit B

**From:** Daniel Kotchen [mailto:dkotchen@kotchen.com]
**Sent:** Tuesday, March 27, 2012 8:17 AM
**To:** Basile, James F.
**Cc:** Robert A. Klinck
**Subject:** Re: Sambreel v. Facebook

Jim,

The single most important issue to Sambreel is to eliminate as soon as possible the irreparable harm it's suffering. As a result, we cannot agree to an extension of the preliminary injunction hearing – which Facebook appears to want to extend for a significant period of time – without an agreement from Facebook that it will cease the boycott and agree not to gate Sambreel's users (for the interim period). Because we understand that Facebook is not amenable to such an agreement, we have no choice but to schedule a hearing on the earliest possible date, and we are in the process of trying to secure a hearing date. We do not see how further discussions will allow the parties to reach an agreement on this issue.

We generally do not believe that discovery is necessary prior to the preliminary injunction hearing. Sambreel's preliminary injunction focuses largely on Facebook's practices, and Sambreel has proffered sufficient evidence for the Court to find that Facebook engaged in the practices that Sambreel views as unlawful. Based on your statement regarding the applicability of the *per se* test, we expect that Facebook's primary arguments will be legal (as opposed to factual). Facebook can, of course, submit its own evidence (without engaging in discovery) to refute Sambreel's factual contentions, if Facebook deems it necessary. Accordingly, Sambreel does not believe that discovery is necessary for either party in advance of the preliminary injunction hearing. As such, assuming a hearing in the near term, Sambreel does not intend to seek discovery from Facebook or submit an expert report (of course Sambreel reserves all rights in responding to any Facebook expert or discovery). If Facebook believes that it needs discovery, we are willing to consider its requests.

Please let us know if you would like to discuss these issues, and we would be happy to participate in a call.

Best,

Daniel Kotchen
Kotchen & Low LLP
2300 M Street N.W., Suite 800
Washington, D.C.  20037

(202) 416-1848 (office)
(202) 468-4014 (cell)
------------------------------------------------------------------------------------------
This e-mail and any attachments are intended only for use by the addressee(s) and may contain legally privileged, confidential, or proprietary information. If you received this message in error, please inform me promptly via reply e-mail and delete all copies of the message, including printed copies. Do not disseminate, distribute or copy the email. Thank you.
------------------------------------------------------------------------------------------

----- Original Message -----
**From:** Basile, James F.
**To:** Daniel Kotchen
**Sent:** Monday, March 26, 2012 6:13 PM
**Subject:** RE: Sambreel v. Facebook

Dan --

Thanks for getting back to me today about the preliminary injunction.  When we spoke this morning, I proposed that we should work together to address scheduling and discovery issues and I remain of that view.  At that time, I asked whether you would be seeking discovery and proffering experts in support of your injunction motion and suggested we should discuss those issues and then try to approach the court with an agreed proposed schedule and hearing date.  You said you were unable to take a formal position on whether you thought you needed any discovery for your preliminary injunction motion and wanted to discuss discovery and scheduling issues with your team.  It now appears that rather than coming back to me with proposals you instead contacted Judge Miller's chambers to reserve a preliminary injunction hearing date but have not taken a position on the scope or timing of discovery in advance of that hearing.

On our call this morning, I also shared with you that we were going to file a motion to dismiss, that we were willing to agree to expedited briefing of it, and that this  also should factor that into our scheduling discussions.  As I explained on the call, our motion to dismiss to will raise significant threshold issues that the Court should address before turning to the preliminary injunction, including, at a minimum, the pleading of the markets at issue and the legal applicability of per se analysis.  Knowing this, you reserved May 7 as the tentative date for the preliminary injunction hearing and have now offered to alter that date only if Facebook agree to an injunction of its lawful conduct.   This is a counterproductive demand that we urge plaintiffs to reevaluate to avoid motions practice.

As I also mentioned earlier today, we are willing to proceed on the motion to dismiss issues on an expedited basis given plaintiff's preliminary injunction motion.  There should be a ruling on that motion before Facebook is required to file an opposition to your preliminary injunction motion.   At a very basic level, how could Facebook or the Court evaluate plaintiff's likelihood of success on the merits of claims that have not even been properly plead?  To the extent that your side wants to proceed with some discovery while a motion to dismiss is pending, Facebook may be willing to make that accommodation if we were able to reach an agreement on a reasonable overall hearing schedule and scope of discovery.

Regarding discovery, your email does not address my request of earlier today whether plaintiffs intend to pursue fact and expert discovery in advance of the preliminary injunction or propose any parameters for that discovery.  Before Facebook could agree to a preliminary injunction hearing date, at a minimum we need some understanding of (i) what, if any, fact discovery plaintiffs will seek from Facebook, (ii) what, if any, expert discovery are plaintiffs proposing and (iii) how quickly will plaintiffs be able to respond to discovery from Facebook.

I also note that this afternoon Judge Miller has recused himself and we have been assigned to Judge Bencivengo.  I would urge that we collaboratively discuss a scheduling approach before you unilaterally schedule a hearing.  I think it will save resources for all parties as well as the court and result in a more efficient process.  To move the process forward and hopefully avoid scheduling motions practice with the court, we should schedule a call tomorrow to discuss scheduling and discovery issues.   I can be available as early as 8:30 am (pacific) tomorrow.  I look forward to hearing from you and am hopeful that we can reach a mutually agreeably approach to scheduling the proceedings.

James F. Basile
Kirkland & Ellis LLP
415-439-1471
415-439-1371
555 California Street, 27th Floor
San Francisco, CA  94104

---

**From:** Daniel Kotchen [mailto:dkotchen@kotchen.com]
**Sent:** Monday, March 26, 2012 2:10 PM
**To:** Basile, James F.
**Cc:** Robert A. Klinck
**Subject:** Sambreel v. Facebook

Jim,

I am writing to follow up on our telephone call from earlier today regarding the timing of the preliminary injunction hearing in Sambreel v. Facebook.  We have spoken to Judge Miller's chambers and have reserved a new hearing date for May 7, 2012.  Under the current schedule, Facebook will have until April 13 to file its opposition.  For Sambreel to agree to extend the schedule for the preliminary injunction hearing, Sambreel would need Facebook:  (1) to agree to the entry of a stipulated Order that tracks Sambreel's requested injunctive relief, which will remain in effect until the Court decides the preliminary injunction, and (2) to agree that discovery will proceed while  Facebook's motion to dismiss is pending.  If this is agreeable to Facebook, the parties can discuss specific timing issues and work out a joint stipulated Order for the Court.

Best,

Daniel Kotchen
Kotchen & Low LLP
2300 M Street N.W., Suite 800
Washington, D.C.  20037
(202) 416-1848 (office)
(202) 468-4014 (cell)

---

This e-mail and any attachments are intended only for use by the addressee(s) and may contain legally privileged, confidential, or proprietary information. If you received this message in error, please inform me promptly via reply e-mail and delete all copies of the message, including printed copies. Do not disseminate, distribute or copy the email. Thank you.

---

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of

```
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
***********************************************************
```