# Exhibit D

**From:** Basile, James F.
**Sent:** Wednesday, March 28, 2012 10:24 AM
**To:** Daniel Kotchen
**Subject:** RE: Re:

Dan,

Your email does not properly characterize the scope of Facebook's proposed discovery or the standard by which the court will evaluate our requests.

We are not seeking "a full round of merits discovery". Rather we are seeking a reasonably tailored set of discovery on an expedited basis to respond to Sambreel's preliminary injunction motion. Given that the first prong of the Court's analysis of your motion is Sambreel's likelihood of success on the merits, we are at a loss to understand how some tailored merits discovery is not appropriate. Likewise, the lawfulness of Facebook's conduct will be further established by discovery. Facebook is entitled to do so. Consistent with the caselaw, we will establish good cause for expedited discovery and will present a schedule to court for that discovery that allows both sides to develop their arguments.

We also understand that Sambreel has not moved from its initial position that it will not consent to an adjustment to its hearing unless Facebook stipulated to a temporary injunction. We do not believe a defendant should be required to agree to a temporary injunction as a precondition to negotiating a workable litigation schedule.

Since it appears we are at an impasse, we plan to move forward with requesting relief from the court and will provide your with notice of the papers when filed. In the interim, here is the schedule we will be requesting from the court:

<u>Motion for Rule 16 Scheduling Conference and Expedited Discovery:</u>
Motion:         Wednesday, March 28
Opposition:   Friday, March 30
Reply:           Monday, April 2
Hearing:       Tuesday, April 3 - Friday, April 6 at court's convenience

<u>Motion to Dismiss and Amended Complaint:</u>
Motion:         Monday, April 2
Opposition:   Wednesday, April 11
Reply:           Monday, April 16

1

Hearing:	Tuesday, April 17 - Wednesday, April 25 at court's convenience

Plaintiffs will file an amended complaint, if necessary within 7 days of the Court's decision on the motion to dismiss.

If the court has not issued a decision on the Motion to Dismiss by 10 days before Opposition to Preliminary Injunction is due:

(a)	The remaining Motion for Preliminary Injunction dates will adjust to allow Facebook 7 days after Plaintiffs have filed amended complaint to file an Opposition to the Motion for Preliminary Injunction.

(b)	If Plaintiffs are not required to amend their complaint Facebook will file its Opposition to the Motion for Preliminary Injunction 7 days after the court has issued its decision.

Expedited Discovery Schedule:
Serve Discovery Requests:	Friday, April 6
    15 doc requests
    7 Irogs
    5 party depositions
Start third party discovery:	Friday, April 6
Discovery Responses:[1]	Tuesday, May 1
Start of Fact Depositions:	Tuesday May 8
Identify Experts:	Tuesday, May 8
Expert Reports:	Tuesday, May 15
Close of Fact Depositions:	Tuesday, May 22
Rebuttal Expert Reports:	Tuesday, May 22
Expert depositions:	Wednesday, May 23 - Wednesday, May 30
Opposition Brief:	Wednesday, June 6
Reply Brief:	Wednesday, June 13
Hearing:	2 day hearing at court's convenience (June 18-22)
Proposed Findings of Fact:	10 days after last hearing day

---

[1] The parties' document productions must be substantially complete by this same date.

Per Judge Bencivengo's rules, a person-to-person conversation is required prior to the filing of the relevant motion. While I think the impasse is clear, I will call you shortly to meet that requirement so that we may move forward.


James F. Basile
Kirkland & Ellis LLP
415-439-1471
415-439-1371
555 California Street, 27th Floor
San Francisco, CA  94104

---

**From:** Daniel Kotchen [mailto:dkotchen@kotchen.com]
**Sent:** Tuesday, March 27, 2012 1:51 PM
**To:** Basile, James F.

**Cc:** Robert A. Klinck
**Subject:** Re:

Jim,

Facebook's proposed discovery list is inappropriate. Facebook must make a showing of "good cause" to obtain expedited discovery, and it must demonstrate that its need for the requested information outweighs the burden that the requests will impose on Sambreel. Facebook does not have a good faith basis to assert that it can meet this standard with respect to this list of requests. Rather than seeking to investigate a limited number of topics on an expedited basis, Facebook is seeking a full round of merits discovery on an expedited basis. We cannot fathom how Facebook can demonstrate a strong need for this discovery at this stage, and this discovery would impose a considerable burden on Sambreel.

Moreover, engaging in merits discovery at this stage will only prolong Sambreel's ongoing irreparable harm, as complying with Facebook's requests would delay our April 25 hearing substantially. You stated yesterday that Facebook would not agree to Sambreel's proposed interim relief -- no boycott and no gating -- because Facebook's boycott and gating are "lawful." Yet rather than demonstrating that its actions are lawful, Facebook is now seeking discovery that is completely tangential to Facebook's actions vis a vis advertising partners and its users. As I am sure you can understand, Sambreel is very concerned that Facebook will not agree to stop its business practices for an interim period while it simultaneously seeks to prolong the preliminary injunction proceeding. The practical effect of these two positions is obvious: it ensures that Sambreel's irreparable harm continues.

Best,

Daniel Kotchen
Kotchen & Low LLP
2300 M Street N.W., Suite 800
Washington, D.C.  20037
(202) 416-1848 (office)
(202) 468-4014 (cell)
-----------------------------------------------------------------------------------

This e-mail and any attachments are intended only for use by the addressee(s) and may contain legally privileged, confidential, or proprietary information. If you received this message in error, please inform me promptly via reply e-mail and delete all copies of the message, including printed copies. Do not disseminate, distribute or copy the email. Thank you.
-----------------------------------------------------------------------------------


----- Original Message -----
**From:** Basile, James F.
**To:** Daniel Kotchen
**Sent:** Tuesday, March 27, 2012 2:02 PM

Dan, per your request, here are some preliminary thoughts on discovery I think we will need from plaintiffs.


James F. Basile
Kirkland & Ellis LLP
415-439-1471
415-439-1371

555 California Street, 27th Floor
San Francisco, CA  94104

```
************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
************************************************************
```



[1] The parties' document productions must be substantially complete by this same date.