# Exhibit E

1 | James F. Basile(SBN 228965)
james.basile@kirkland.com
2 | Elizabeth L. Deeley (SBN 230798)
elizabeth.deeley@kirkland.com
3 | KIRKLAND & ELLIS LLP
555 California Street
4 | San Francisco, California  94104
Telephone: (415) 439-1400
5 | Facsimile: (415) 439-1500

6 | Susan Davies (*Pro Hac Vice Application Forthcoming*)
susan.davies@kirkland.com
7 | Ian R. Conner (*Pro Hac Vice Application Forthcoming*)
ian.conner@kirkland.com
8 | KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
9 | Washington, D.C.  20005
Telephone: (202) 879-5000
10 | Facsimile: (202) 879-5200

11 | Attorneys for Defendant
FACEBOOK, INC.

12

13 | **UNITED STATES DISTRICT COURT**

14 | **SOUTHERN DISTRICT OF CALIFORNIA**

15

16 | SAMBREEL HOLDINGS LLC; YONTOO LLC;
and THEME YOUR WORLD LLC, | CASE NO. 12-CV-00668-W-KSC

17 | Plaintiffs, | **DEFENDANT FACEBOOK, INC.'S
FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS
PROPOUNDED TO PLAINTIFF
SAMBREEL HOLDINGS LLC**

18 | vs.

19 | FACEBOOK, INC.,

20 | Defendant. | Judge:          Hon. Cathy Ann Bencivengo
Hearing Date:
21 | | Hearing Time:
Dept.:          Courtroom 2

22

23 | **PROPOUNDING PARTY:**     Defendant, FACEBOOK, INC.

24

25 | **RESPONDING PARTY:**     Plaintiff, SAMBREEL HOLDINGS LLC

26 | **SET NO.:**     ONE (1)

27

28

FIRST SET OF INTERROGATORIES TO                                    Case No: 12-CV-00668-CAB-KSC
SAMBREEL HOLDINGS

**PRELIMINARY STATEMENT**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant FACEBOOK, INC. ("Defendant" or "Facebook") hereby requests that, by May 1, 2012, plaintiff SAMBREEL HOLDINGS LLC ("Plaintiff" or "Sambreel") respond in writing to each of the following First Set of Requests for Production of Documents, and produce all responsive documents for inspection and copying at the offices of Kirkland & Ellis LLP at 555 California Street, Suite 2700, San Francisco, California.

**DEFINITIONS AND INSTRUCTIONS**

1.    "YOU" and "YOUR" shall refer to Sambreel, its subsidiaries, businesses, products, officers, directors, shareholders, agents, representatives, employees, attorneys, consultants, investigators, and anyone who acted or purports to act on Sambreel's behalf.

2.    "DOCUMENTS" shall have the broadest meaning possible, including, but not limited to, all electronic, written or printed matter, information,  COMMUNICATION, or data of any kind, including the originals and all non-identical copies thereof (whether different from the originals by reason of any interlineations, receipt stamp, indication of copies sent or received, or other notation made on such copies or otherwise) including without limitation correspondence, memoranda, e-mail, notes, opinions, compilations, chronicles, minutes, agenda, contracts, agreements, reports, summaries, inter-office and intra-office communications, notations of any sort of conversations, diaries, appointment books or calendars, teletypes, telefax, , confirmations, ESI (including information or programs stored in a computer, whether or not ever printed out or displayed including without limitation all e-mail and other electronic communications, word processing documents, presentations, calendar and relationship management data, audio or video files, online access data, databases, spreadsheets and tables, accounting application data, image files, network access and server activity logs, and backup and archival files) and all drafts, alterations, modification, changes and amendments of any of the foregoing, and all graphic or manual records or representations of any kind, including without limitation, digital images, photographs, microfiche, microfilm, videotape, records and motion pictures, and electronic, mechanical, or electric records or representations of any

Exhibit E
Page 24

kind including, without limitation, information on servers, hard drives, diskettes, CD-ROMs, DVDs, tapes, cassettes, discs, magnetic cards and recordings. smart phones, PDAs.

3.     "COMMUNICATION" and its plural shall mean any transmittal of information, whether oral or written, including but not limited to correspondence, electronic mail ("e-mail"), telexes, facsimile transmissions, telecopies, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages.

4.     "FACEBOOK PRODUCTS" shall include any of YOUR products or businesses designed, created or marketed for use by Facebook users or for use in conjunction with Facebook, including without limitation PageRage, Theme Your World, Paxson or Cause Layouts..

5.     As used herein, the terms "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such construction will serve to bring within the scope of these requests any information, DOCUMENTS or writings that would otherwise not be brought within their scope.

6.     As used herein, the terms "concerning" "relating to," "reflecting," "relate to," "relates to," "related to," "referring or relating to," "referring to," "regarding," and "refer or relate to" mean in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

7.     The past tense shall include the present tense and vice versa, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

8.     Unless otherwise noted, a request for DOCUMENTS relating to something is unlimited in time and covers all information relating to the subject.

9.     This document request covers all DOCUMENTS in YOUR possession, custody, or control, and includes all DOCUMENTS in your immediate possession or in the possession of your attorneys or readily available to you through requests upon an agent or consultant of yours.

FIRST SET OF INTERROGATORIES TO           3           Case No: 12-CV-00668-CAB-KSC
SAMBREEL HOLDINGS

10. In producing DOCUMENTS and things, YOU are required to furnish all DOCUMENTS or things in YOUR possession, custody or control, or known or available to YOU, regardless of whether such DOCUMENTS or things are possessed directly by YOU or YOUR predecessor, successor, parent, subsidiary, affiliate, or joint venture partner, and each of their respective past and present officers, directors, shareholders, employees, agents, representatives, investment bankers, accountants, attorneys, investigators, and consultants.

11. All DOCUMENTS should be produced in the same order as they are kept or maintained by YOU in the ordinary course of business, or the DOCUMENTS should be organized and labeled to correspond to the categories of the DOCUMENTS requested below.

12. If YOU claim any form of privilege, whether based on statute or otherwise, as a ground for not producing any DOCUMENT, list all DOCUMENTS in chronological order, setting forth as to each the following:  1) date; 2) author(s); 3) recipient(s); 4) description; 5) type of documents; 6) subject matter; 7) basis for privilege or immunity; and 8) identity of all persons to whom the document or copies were sent.

13. Notwithstanding the assertion of YOUR objection, any requested DOCUMENT which YOU object to furnishing but which nevertheless contains non-objectionable information which is responsive to this request must be produced.  That portion of the DOCUMENT for which the objection is asserted may, however, be redacted, provided that the above-requested identification is furnished.

14. If any DOCUMENT in response to this request was, but no longer is, in your possession, custody or control, describe each DOCUMENT and indicate the manner and circumstances under which it left your possession, custody, or control and its present whereabouts, if known.

15. If any DOCUMENT responsive to this request has been misplaced, discarded, or destroyed, describe each such DOCUMENT and indicate the manner and circumstances under which it was misplaced, discarded, or destroyed, if known, and its last whereabouts, if known.

16. These requests are deemed to be continuing in nature pursuant to Federal Rule of Civil Procedure 26(e), so as to require supplementation where appropriate.

FIRST SET OF INTERROGATORIES TO          4                Case No: 12-CV-00668-CAB-KSC
SAMBREEL HOLDINGS

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS sufficient to show the development by YOU of all FACEBOOK PRODUCTS, including, without limitation, product development plans, marketing plans, or strategic plans, both prior and subsequent to the launch of FACEBOOK PRODUCTS, including specifically but not limited to any presentations or communications regarding the foregoing to plaintiffs' senior management or Board of Directors.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to show the functionality, architecture, design, operation, implementation, or specifications of (a) Yontoo Platform and (b) any FACEBOOK PRODUCTS, including specifically but not limited to any presentations or communications regarding the foregoing to plaintiffs' senior management or Board of Directors.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS sufficient to show any technical differences, changes, improvements, modification, proposed improvements, or proposed or actual new features to FACEBOOK PRODUCTS from January 1, 2008 through the present, including, without limitation, any changes made as a result of any discussions or communications with Facebook or anyone who acted or purported to act on Facebook's behalf, including specifically but not limited to any presentations or communications regarding the foregoing to plaintiffs' senior management or Board of Directors.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to show any technical, advertising, ad creatives, sales, marketing, customer or user presentations made by or to YOU regarding FACEBOOK PRODUCTS, including specifically but not limited to any presentations or communications regarding the foregoing to plaintiffs' senior management or Board of Directors.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS sufficient to show any communications between YOU and any advertiser, advertising broker or seller, advertising partners (including, without limitation, Rubicon Project, AdMeld, OpenX, Advertising.com, LifeStreet, SayMedia, Microsoft Media Network, ValueClick,

Underdox, CPX, or Neverblue) relating to FACEBOOK PRODUCTS, including, without limitation, any agreement, business relationship, or financial arrangement.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS from January 1, 2008 through the present, sufficient to show (a) YOUR revenues, costs, gross profits, or net operating profits; (b) the breakdown in revenues, costs, gross profits, or net operating profits attributable to each separate Sambreel application, business or product, including without limitation, Drop down Deals, PageRage, Jeetyet Media, Cause Layouts, Redford Media, OverApps, Yontoo, Buzzdock, Theme Your World, BlankBase, Paxson Productions, Plural Media, ezLooker, sterkly, Best Download Manager, TxtMeow, AdMatter, Free TwitTube, DateHint, TopicTorch, Easyinline, Emoticrazy, Contenko, and MediaGadget; (c) the breakdown in revenues, costs, gross profits, or net operating profits attributable to each internet platform or website for which YOU offer users browser add-ons, including without limitation Google, Google Plus, MySpace, Pinterest.com, LinkedIn, Tagged, myYearbook, Tumblr, MyLife, LiveJournal, Meetup, Orkut, Microsoft Bing, Amazon, Craigslist or Badoo or (d) any direct or indirect benefits to Sambreel or any Sambreel subsidiary (whether of an economic or other nature) deriving from the use or provision of FACEBOOK PRODUCTS, including specifically but not limited to any presentations or communications regarding the foregoing to plaintiffs' senior management or Board of Directors.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS sufficient to show the number of customers or users of each of YOUR individual  FACEBOOK PRODUCTS from January 1, 2008 through the present, including specifically but not limited to any presentations or communications regarding the foregoing to plaintiffs' senior management or Board of Directors.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS sufficient to show the actual and projected  number of user downloads and installations of each of YOUR individual FACEBOOK PRODUCTS, including, without limitation, DOCUMENTS sufficient to identify (a) the number of each of YOUR individual  FACEBOOK PRODUCTS users who downloaded or installed each such FACEBOOK PRODUCT directly from

FIRST SET OF INTERROGATORIES TO                    6                    Case No: 12-CV-00668-CAB-KSC
SAMBREEL HOLDINGS

1   one of YOUR web pages or  web site operated or hosted by YOU; (b) the number of users who

2   downloaded or installed each such FACEBOOK PRODUCTS as part of a bundle with  any other

3   software product; (c) the number of users who downloaded or installed one of your FACEBOOK

4   PRODUCTS from any other source; (d) the number of each of YOUR individual FACEBOOK

5   PRODUCTS users who downloaded or installed the non-advertising-supported versions of any

6   individual FACEBOOK PRODUCT; and (e) the web sites or any other sources from which users

7   download or otherwise obtain any of YOUR individual FACEBOOK PRODUCTS, including

8   specifically but not limited to any presentations or communications regarding the foregoing to

9   plaintiffs' senior management or Board of Directors.

10  **REQUEST FOR PRODUCTION NO. 9:**

11          DOCUMENTS sufficient to show the actual and projected number of FACEBOOK

12  PRODUCT users who uninstall or otherwise disable FACEBOOK PRODUCTS after downloading

13  such FACEBOOK PRODUCT, including, without limitation, DOCUMENTS sufficient to identify

14  the average amount of time between installing each such FACEBOOK PRODUCT and uninstalling

15  it for (a) FACEBOOK PRODUCT users who downloaded each such FACEBOOK PRODUCT

16  directly from one of YOUR web pages or  web site operated or hosted by YOU; (b) FACEBOOK

17  PRODUCTS users who downloaded or installed a FACEBOOK PRODUCT as part of a bundle with

18  any other software product; and (c) FACEBOOK PRODUCT USERS who downloaded or installed

19  one of your FACEBOOK PRODUCTS from any other source, including specifically but not limited

20  to any presentations or communications regarding the foregoing to plaintiffs' senior management or

21  Board of Directors.

22  **REQUEST FOR PRODUCTION NO. 10:**

23          DOCUMENTS sufficient to show all data that YOU retrieved, downloaded, or otherwise

24  obtained from FACEBOOK PRODUCT users, including, but not limited to any electronically stored

25  information of any kind.

26

27

28

FIRST SET OF INTERROGATORIES TO              7              Case No: 12-CV-00668-CAB-KSC
SAMBREEL HOLDINGS

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show any attempts or efforts by YOU, whether successful or not, to circumvent, bypass, or otherwise overcome any technical- or code-based barriers or other measures designed to block www.pagerage.com.

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS between YOU and any past, current, or prospective FACEBOOK PRODUCT users concerning any FACEBOOK PRODUCTS, including, without limitation, any comments, complaints, inquiries, or feedback.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS to, from, copying, or concerning the following individuals relating to Facebook or any FACEBOOK PRODUCTS, or YOUR interface with any FACEBOOK PRODUCT, or any advertising in connection with any FACEBOOK PRODUCT:  (a) Arie Trouw; (b) Markus Levin; (c) Brad Miller; (d) Andrew Sullivan; (e) John Arana, or (f) Kai Hankinson.

**REQUEST FOR PRODUCTION NO. 14:**

All COMMUNICATIONS between YOU and Facebook, including, without limitation, any Facebook employee, agent, representative, attorney, or anyone who acted or purports to act on Facebook's behalf.

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS identified in YOUR response to any interrogatories in this case.

//
//
//
//
//
//
//
//
//

FIRST SET OF INTERROGATORIES TO                8                Case No: 12-CV-00668-CAB-KSC
SAMBREEL HOLDINGS

1    DATED:  March 28, 2012                    Respectfully submitted,
                                               KIRKLAND & ELLIS LLP
2

3                                              *s/ James F. Basile*
                                               James F. Basile
4                                              james.basile@kirkland.com
                                               Elizabeth L. Deeley
5                                              elizabeth.deeley@kirkland.com
                                               Susan Davies (*Pro Hac Vice Application Forthcoming*)
6                                              susan.davies@kirkland.com
                                               Ian R. Conner (*Pro Hac Vice Application Forthcoming*)
7                                              ian.conner@kirkland.com
                                               Attorneys for Defendant
8                                              Facebook, Inc.

9                                              Attorneys for Defendant
                                               Facebook, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST SET OF INTERROGATORIES TO            9            Case No: 12-CV-00668-CAB-KSC
SAMBREEL HOLDINGS

1  James F. Basile(SBN 228965)
   james.basile@kirkland.com
2  Elizabeth L. Deeley (SBN 230798)
   elizabeth.deeley@kirkland.com
3  KIRKLAND & ELLIS LLP
   555 California Street
4  San Francisco, California  94104
   Telephone: (415) 439-1400
5  Facsimile: (415) 439-1500

6  Susan Davies (*Pro Hac Vice Application Forthcoming*)
   susan.davies@kirkland.com
7  Ian R. Conner (*Pro Hac Vice Application Forthcoming*)
   ian.conner@kirkland.com
8  KIRKLAND & ELLIS LLP
   655 Fifteenth Street, N.W.
9  Washington, D.C.  20005
   Telephone: (202) 879-5000
10 Facsimile: (202) 879-5200

11 Attorneys for Defendant
   FACEBOOK, INC.
12

13                    **UNITED STATES DISTRICT COURT**

14                   **SOUTHERN DISTRICT OF CALIFORNIA**

15

16 SAMBREEL HOLDINGS LLC; YONTOO LLC;        CASE NO. 12-CV-00668-CAB-KSC
   and THEME YOUR WORLD LLC,
17                                           **DEFENDANT FACEBOOK, INC.'S**
                 Plaintiffs,                 **FIRST SET OF INTERROGATORIES**
18                                           **PROPOUNDED TO PLAINTIFF**
          vs.                                **SAMBREEL HOLDINGS LLC**
19
   FACEBOOK, INC.,                           Judge:        Hon. Cathy Ann Bencivengo
20                                           Hearing Date:
                 Defendant.                  Hearing Time:
21                                           Dept.:        Courtroom 2

22

23      **PROPOUNDING PARTY:**        Defendant, FACEBOOK, INC.

24      **RESPONDING PARTY:**         Plaintiff, SAMBREEL HOLDINGS LLC

25      **SET NO.:**                  ONE (1)

26

27

28

   FIRST SET OF INTERROGATORIES TO              Case No: 12-CV-00668-CAB-KSC
   SAMBREEL HOLDINGS

**PRELIMINARY STATEMENT**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant FACEBOOK, INC. ("Defendant" or "Facebook") hereby propounds this First Set of Interrogatories to plaintiff SAMBREEL HOLDINGS LLC ("Plaintiff" or "Sambreel") and requests that each interrogatory be answered separately, fully, in writing, and under oath, in accordance with the Definitions and Instructions that precede the interrogatories below, by May 1, 2012.

**DEFINITIONS AND INSTRUCTIONS**

1.      "YOU" and "YOUR" shall refer to Sambreel, its officers, directors, shareholders, agents, representatives, employees, attorneys, consultants, investigators, and anyone who acted or purports to act on Sambreel's behalf.

2.      "DOCUMENTS" shall have the broadest meaning possible, including, but not limited to, all electronic, written or printed matter, information, COMMUNICATION, or data of any kind, including the originals and all non-identical copies thereof (whether different from the originals by reason of any interlineations, receipt stamp, indication of copies sent or received, or other notation made on such copies or otherwise) including without limitation correspondence, memoranda, e-mail, notes, opinions, compilations, chronicles, minutes, agenda, contracts, agreements, reports, summaries, inter-office and intra-office communications, notations of any sort of conversations, diaries, appointment books or calendars, teletypes, telefax, , confirmations, ESI (including information or programs stored in a computer, whether or not ever printed out or displayed including without limitation all e-mail and other electronic communications, word processing documents, presentations, calendar and relationship management data, audio or video files, online access data, databases, spreadsheets and tables, accounting application data, image files, network access and server activity logs, and backup and archival files) and all drafts, alterations, modification, changes and amendments of any of the foregoing, and all graphic or manual records or representations of any kind, including without limitation, digital images, photographs, microfiche, microfilm, videotape, records and motion pictures, and electronic, mechanical, or electric records or representations of any kind including, without limitation, information on servers, hard drives, diskettes, CD-ROMs, DVDs, tapes, cassettes, discs, magnetic cards and recordings. smart phones, PDAs.

FIRST SET OF INTERROGATORIES TO                    2                    Case No: 12-CV-00668-CAB-KSC
SAMBREEL HOLDINGS

3.    "COMMUNICATION" and its plural shall mean any transmittal of information, whether oral or written, including but not limited to correspondence, electronic mail ("e-mail"), telexes, facsimile transmissions, telecopies, recordings in any medium of oral communication, telephone and message logs, and notes or memoranda relating to any written, electronic or oral communication, tweets, blogs or text messages.

4.    "PERSON" means an individual, proprietorship, partnership, firm, corporation, association, governmental agency, or other organization or entity.

5.    "IDENTIFY," "IDENTIFYING," or "IDENTIFICATION" mean and require you to state:

a)    With respect to a PERSON, his or her name, address, telephone number, employer, and job title, or if unknown, the PERSON'S last known address, telephone number, employer, and job title;

b)    With respect to an entity, the entity's full name, state of incorporation, current or last known business address, and current or last known telephone number;

c)    With respect to a DOCUMENT, the DOCUMENT's date of creation, author(s), recipient(s), signatory/ies, addressee(s), nature, substance, and/or any other means of identifying the document with sufficient particularity.  DOCUMENTS to be "identified" include DOCUMENTS in Sambreel's possession, custody or control, documents known by Sambreel to have existed, but that no longer exist, and other documents of which Sambreel has knowledge or information;

d)    With respect to conversations and written or oral COMMUNICATION, the conversation's or COMMUNICATION's date of occurrence, location of occurrence, participants, substance, and the identity of every person present when the conversation or COMMUNICATION occurred.

6.    As used herein, the terms "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such construction will serve to bring within the scope of these requests any information, DOCUMENTS or writings that would otherwise not be brought within their scope.

FIRST SET OF INTERROGATORIES TO                    3                    Case No: 12-CV-00668-CAB-KSC
SAMBREEL HOLDINGS

7.      As used herein, the terms "concerning" "relating to," "reflecting," "relate to," "relates to," "related to," "referring or relating to," "referring to," "regarding," and "refer or relate to" mean in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

8.      The past tense shall include the present tense and vice versa, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

9.      Unless otherwise noted, all interrogatories are unlimited in time and cover all information relating to the subject.

10.      In producing DOCUMENTS and things, YOU are required to furnish all DOCUMENTS or things in YOUR possession, custody or control, or known or available to YOU, regardless of whether such DOCUMENTS or things are possessed directly by YOU or YOUR predecessor, successor, parent, subsidiary, affiliate, or joint venture partner, and each of their respective past and present officers, directors, shareholders, employees, agents, representatives, investment bankers, accountants, attorneys, investigators, and consultants.

11.      If YOU claim any form of privilege, whether based on statute or otherwise, as a ground for not responding to any interrogatory, provide the following information:

a)      the basis for the objection sufficient to establish the privilege or doctrine you assert;

b)      a brief identification and description of the withheld information or matter to the extent that it can be done without violating such privilege or doctrine;

c)      the identity of an individual, other than your attorneys, having knowledge of the factual basis asserted for the privilege or doctrine.

12.      If YOU object to any portion of an interrogatory, provide all information responsive to any portion of the interrogatory to which YOU do not object.

FIRST SET OF INTERROGATORIES TO              4              Case No: 12-CV-00668-CAB-KSC
SAMBREEL HOLDINGS

13.     If YOU object that a term or phrase is vague, ambiguous, or indefinite, then provide YOUR understanding of the term or phrase and respond accordingly.

14.     If YOU object to an interrogatory on the ground that it is too broad, provide all information responsive to any portions of the interrogatory that YOU concede is relevant or reasonably calculated to lead to the discovery of admissible evidence.

15.     These requests are deemed to be continuing in nature pursuant to Federal Rule of Civil Procedure 26(e), so as to require supplementation where appropriate.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify any and all Facebook user accounts created or used by any of YOUR directors, officers, employees, or agents, including, without limitation, any Facebook accounts used for "testing" of any FACEBOOK PRODUCT.

**INTERROGATORY NO. 2:**

State the irreparable harm suffered that YOU have suffered, including any stated measure of damages, resulting from the conduct alleged in the Complaint.

**INTERROGATORY NO. 3:**

State the number of PageRage users YOU contend Sambreel lost because of the conduct alleged in the Complaint, provide all bases for that contention, and IDENTIFY all documents relating thereto.

**INTERROGATORY NO. 4:**

IDENTIFY each person or entity YOU contend has ceased purchasing advertising from Sambreel because of the conduct alleged in the Complaint, provide all bases for that contention, and IDENTIFY all documents relating thereto.

**INTERROGATORY NO. 5:**

IDENTIFY all facts, witnesses, and documents relating to the allegations in the Complaint that Facebook's alleged conduct has caused, or will cause, Sambreel irreparable harm.

FIRST SET OF INTERROGATORIES TO                 5                Case No: 12-CV-00668-CAB-KSC
SAMBREEL HOLDINGS

**INTERROGATORY NO. 6:**

IDENTIFY all facts, witnesses, and documents relating to the allegations in the Complaint that Facebook organized a group boycott of Sambreel.

**INTERROGATORY NO. 7:**

IDENTIFY all facts, witnesses, and documents relating to the allegations in the Complaint that Facebook "gated" Facebook users who had downloaded any FACEBOOK PRODUCT.

**INTERROGATORY NO. 8:**

IDENTIFY all facts, witnesses, and documents relating to the allegations in the Complaint that that the three relevant product markets are:  (i) the market for social networking services, (ii) the market for products that allow users to customize or enhance social networking websites, and (iii) the market for online display advertising, including the submarket for display advertising to social media users.

**INTERROGATORY NO. 9:**

IDENTIFY all documents and things concerning the allegations and claims in the Complaint or facts asserted in the Motion for a Preliminary Injunction and supporting papers.

**INTERROGATORY NO. 10:**

IDENTIFY all PERSONS with knowledge about the allegations in the Complaint and facts asserted in the Motion for a Preliminary Injunction and supporting papers.

**INTERROGATORY NO. 11:**

IDENTIFY all witnesses who may testify at the preliminary injunction hearing currently scheduled for April 25, 2012 at 3:30pm, and the dates that each witness is available for deposition from May 8, 2012 through May 22, 2012.

//
//
//
//
//
//

FIRST SET OF INTERROGATORIES TO                    6                    Case No: 12-CV-00668-CAB-KSC
SAMBREEL HOLDINGS

1    DATED:  March 28, 2012              Respectfully submitted,
                                         KIRKLAND & ELLIS LLP
2

3                                        *s/ James F. Basile*
                                         James F. Basile
4                                        james.basile@kirkland.com
                                         Elizabeth L. Deeley
5                                        elizabeth.deeley@kirkland.com
                                         Susan Davies (*Pro Hac Vice Application Forthcoming*)
6                                        susan.davies@kirkland.com
                                         Ian R. Conner (*Pro Hac Vice Application Forthcoming*)
7                                        ian.conner@kirkland.com
                                         Attorneys for Defendant
8                                        Facebook, Inc.

9                                        Attorneys for Defendant
                                         Facebook, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST SET OF INTERROGATORIES TO          7          Case No: 12-CV-00668-CAB-KSC
SAMBREEL HOLDINGS

1  James F. Basile(SBN 228965)
   james.basile@kirkland.com
2  Elizabeth L. Deeley (SBN 230798)
   elizabeth.deeley@kirkland.com
3  KIRKLAND & ELLIS LLP
   555 California Street
4  San Francisco, California  94104
   Telephone: (415) 439-1400
5  Facsimile: (415) 439-1500

6  Susan Davies (*Pro Hac Vice Application Forthcoming*)
   susan.davies@kirkland.com
7  Ian R. Conner (*Pro Hac Vice Application Forthcoming*)
   ian.conner@kirkland.com
8  KIRKLAND & ELLIS LLP
   655 Fifteenth Street, N.W.
9  Washington, D.C.  20005
   Telephone: (202) 879-5000
10 Facsimile: (202) 879-5200

11 Attorneys for Defendant
   FACEBOOK, INC.
12

13              UNITED STATES DISTRICT COURT

14              SOUTHERN DISTRICT OF CALIFORNIA

15

16 SAMBREEL HOLDINGS LLC; YONTOO LLC;      CASE NO. 12-CV-00668-CAB-KSC
   and THEME YOUR WORLD LLC,
17                                          **DEFENDANT FACEBOOK, INC.'S
              Plaintiffs,                   NOTICE OF DEPOSITION OF
18                                          MARKUS LEVIN**
       vs.
19
   FACEBOOK, INC.,
20
              Defendant.
21

22 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23 **PLEASE TAKE NOTICE** that pursuant to Rules 26 and 30 of the Federal Rules of Civil

24 Procedure, Defendant Facebook, Inc shall take the deposition of Markus Levin the offices of Cooley

25 LLP 4401 Eastgate Mall San Diego, California 92121 commencing at 10:00 a.m., on Monday May

26 14, 2012, or at such other time and location as mutually agreed upon by counsel.  The deposition

27 will be conducted before an officer or other person authorized to administer oaths pursuant to Rule

28 28 of the Federal Rules of Civil Procedure, and the testimony will be recorded by stenographic and

LEVIN DEPOSITION NOTICE                    1              Case No: 12-CV-00668-CAB-KSC

1   videographic means.  The deposition will continue from day to day, excluding Saturdays, Sundays,

2   and holidays until completed, unless continued to a different date by agreement of counsel, court

3   order, or by notice of the party taking the deposition.  The deposition may be stenographically

4   recorded by means of a machine using instantaneous or real time transcription and instant visual

5   display of testimony.

8   DATED:  March 28,  2012

9                                                   *s/ James F. Basile*
                                                    James F. Basile
10                                                  james.basile@kirkland.com
                                                    Elizabeth L. Deeley
11                                                  elizabeth.deeley@kirkland.com
                                                    Susan Davies (*Pro Hac Vice Application Forthcoming*)
12                                                  susan.davies@kirkland.com
                                                    Ian R. Conner (*Pro Hac Vice Application Forthcoming*)
13                                                  ian.conner@kirkland.com

14                                                  Attorneys for Defendant
                                                    Facebook, Inc.

1  James F. Basile(SBN 228965)
   james.basile@kirkland.com
2  Elizabeth L. Deeley (SBN 230798)
   elizabeth.deeley@kirkland.com
3  KIRKLAND & ELLIS LLP
   555 California Street
4  San Francisco, California  94104
   Telephone: (415) 439-1400
5  Facsimile: (415) 439-1500

6  Susan Davies (*Pro Hac Vice Application Forthcoming*)
   susan.davies@kirkland.com
7  Ian R. Conner (*Pro Hac Vice Application Forthcoming*)
   ian.conner@kirkland.com
8  KIRKLAND & ELLIS LLP
   655 Fifteenth Street, N.W.
9  Washington, D.C.  20005
   Telephone: (202) 879-5000
10 Facsimile: (202) 879-5200

11 Attorneys for Defendant
   FACEBOOK, INC.
12

13              **UNITED STATES DISTRICT COURT**

14             **SOUTHERN DISTRICT OF CALIFORNIA**

15

16 SAMBREEL HOLDINGS LLC; YONTOO LLC;        CASE NO. 12-CV-00668-CAB-KSC
   and THEME YOUR WORLD LLC,
17                                            **DEFENDANT FACEBOOK, INC.'S**
                    Plaintiffs,               **NOTICE OF DEPOSITION OF BRAD**
18                                            **MILLER**
           vs.
19
   FACEBOOK, INC.,
20
                    Defendant.
21

22 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23 **PLEASE TAKE NOTICE** that pursuant to Rules 26 and 30 of the Federal Rules of Civil

24 Procedure, Defendant Facebook, Inc shall take the deposition of Brad Miller the offices of Cooley

25 LLP 4401 Eastgate Mall San Diego, California 92121 commencing at 10:00 a.m., on Wednesday

26 May 16, 2012, or at such other time and location as mutually agreed upon by counsel.  The

27 deposition will be conducted before an officer or other person authorized to administer oaths

28 pursuant to Rule 28 of the Federal Rules of Civil Procedure, and the testimony will be recorded by

MILLER DEPOSITION NOTICE                    1              Case No: 12-CV-00668-CAB-KSC

1   stenographic and videographic means.  The deposition will continue from day to day, excluding

2   Saturdays, Sundays, and holidays until completed, unless continued to a different date by agreement

3   of counsel, court order, or by notice of the party taking the deposition.  The deposition may be

4   stenographically recorded by means of a machine using instantaneous or real time transcription and

5   instant visual display of testimony.

8   DATED:  March 28,  2012

9                                                          *s/ James F. Basile*
                                                         James F. Basile
10                                                        james.basile@kirkland.com
                                                         Elizabeth L. Deeley
11                                                        elizabeth.deeley@kirkland.com
                                                         Susan Davies (*Pro Hac Vice Application Forthcoming*)
12                                                        susan.davies@kirkland.com
                                                         Ian R. Conner (*Pro Hac Vice Application Forthcoming*)
13                                                        ian.conner@kirkland.com

14                                                        Attorneys for Defendant
                                                         Facebook, Inc.

1  James F. Basile(SBN 228965)
   james.basile@kirkland.com
2  Elizabeth L. Deeley (SBN 230798)
   elizabeth.deeley@kirkland.com
3  KIRKLAND & ELLIS LLP
   555 California Street
4  San Francisco, California  94104
   Telephone: (415) 439-1400
5  Facsimile: (415) 439-1500

6  Susan Davies (*Pro Hac Vice Application Forthcoming*)
   susan.davies@kirkland.com
7  Ian R. Conner (*Pro Hac Vice Application Forthcoming*)
   ian.conner@kirkland.com
8  KIRKLAND & ELLIS LLP
   655 Fifteenth Street, N.W.
9  Washington, D.C.  20005
   Telephone: (202) 879-5000
10 Facsimile: (202) 879-5200

11 Attorneys for Defendant
   FACEBOOK, INC.
12

13            **UNITED STATES DISTRICT COURT**

14            **SOUTHERN DISTRICT OF CALIFORNIA**

15

16 SAMBREEL HOLDINGS LLC; YONTOO LLC;       CASE NO. 12-CV-00668-CAB-KSC
   and THEME YOUR WORLD LLC,
17                                          **DEFENDANT FACEBOOK, INC.'S**
                Plaintiffs,                 **NOTICE OF DEPOSITION OF**
18                                          **ANDREW SULLIVAN**
           vs.
19
   FACEBOOK, INC.,
20
                Defendant.
21

22 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23 **PLEASE TAKE NOTICE** that pursuant to Rules 26 and 30 of the Federal Rules of Civil

24 Procedure, Defendant Facebook, Inc shall take the deposition of Andrew Sullivan the offices of

25 Cooley LLP 4401 Eastgate Mall San Diego, California 92121 commencing at 10:00 a.m., on Friday

26 May 18, 2012, or at such other time and location as mutually agreed upon by counsel.  The

27 deposition will be conducted before an officer or other person authorized to administer oaths

28 pursuant to Rule 28 of the Federal Rules of Civil Procedure, and the testimony will be recorded by

1  stenographic and videographic means.  The deposition will continue from day to day, excluding

2  Saturdays, Sundays, and holidays until completed, unless continued to a different date by agreement

3  of counsel, court order, or by notice of the party taking the deposition.  The deposition may be

4  stenographically recorded by means of a machine using instantaneous or real time transcription and

5  instant visual display of testimony.

6

7

8

9  DATED:  March 28,  2012

   _s/ James F. Basile_____
10  James F. Basile
   james.basile@kirkland.com
11  Elizabeth L. Deeley
   elizabeth.deeley@kirkland.com
12  Susan Davies (*Pro Hac Vice Application Forthcoming*)
   susan.davies@kirkland.com
13  Ian R. Conner (*Pro Hac Vice Application Forthcoming*)
   ian.conner@kirkland.com
14
   Attorneys for Defendant
15  Facebook, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

1  James F. Basile(SBN 228965)
   james.basile@kirkland.com
2  Elizabeth L. Deeley (SBN 230798)
   elizabeth.deeley@kirkland.com
3  KIRKLAND & ELLIS LLP
   555 California Street
4  San Francisco, California  94104
   Telephone: (415) 439-1400
5  Facsimile: (415) 439-1500

6  Susan Davies (*Pro Hac Vice Application Forthcoming*)
   susan.davies@kirkland.com
7  Ian R. Conner (*Pro Hac Vice Application Forthcoming*)
   ian.conner@kirkland.com
8  KIRKLAND & ELLIS LLP
   655 Fifteenth Street, N.W.
9  Washington, D.C.  20005
   Telephone: (202) 879-5000
10 Facsimile: (202) 879-5200

11 Attorneys for Defendant
   FACEBOOK, INC.
12

13                **UNITED STATES DISTRICT COURT**

14                **SOUTHERN DISTRICT OF CALIFORNIA**

15

16 SAMBREEL HOLDINGS LLC; YONTOO LLC;          CASE NO. 12-CV-00668-CAB-KSC
   and THEME YOUR WORLD LLC,
17                                             **DEFENDANT FACEBOOK, INC.'S**
                Plaintiffs,                    **NOTICE OF DEPOSITION OF ARIE**
18                                             **TROUW**
          vs.
19
   FACEBOOK, INC.,
20
                Defendant.
21

22 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23 **PLEASE TAKE NOTICE** that pursuant to Rules 26 and 30 of the Federal Rules of Civil

24 Procedure, Defendant Facebook, Inc shall take the deposition of Arie Trouw the offices of Cooley

25 LLP 4401 Eastgate Mall San Diego, California 92121 commencing at 10:00 a.m., on Thursday May

26 10, 2012, or at such other time and location as mutually agreed upon by counsel.  The deposition

27 will be conducted before an officer or other person authorized to administer oaths pursuant to Rule

28 28 of the Federal Rules of Civil Procedure, and the testimony will be recorded by stenographic and

1  videographic means.  The deposition will continue from day to day, excluding Saturdays, Sundays,

2  and holidays until completed, unless continued to a different date by agreement of counsel, court

3  order, or by notice of the party taking the deposition.  The deposition may be stenographically

4  recorded by means of a machine using instantaneous or real time transcription and instant visual

5  display of testimony.

DATED:  March 28,  2012

_s/ James F. Basile_____
James F. Basile
james.basile@kirkland.com
Elizabeth L. Deeley
elizabeth.deeley@kirkland.com
Susan Davies (*Pro Hac Vice Application Forthcoming*)
susan.davies@kirkland.com
Ian R. Conner (*Pro Hac Vice Application Forthcoming*)
ian.conner@kirkland.com

Attorneys for Defendant
Facebook, Inc.