FILED
APR 11 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| SAMBREEL HOLDINGS LLC.; YONTOO LLC; and THEME YOUR WORLD, <br><br> Plaintiff, <br><br> vs. <br><br> FACEBOOK, INC., <br><br> Defendant. | CASE NO. 12cv668-CAB (KSC) <br><br> **ORDER FOLLOWING DISCOVERY HEARING RE DEFENDANT'S EX PARTE MOTION FOR EXPEDITED DISCOVERY** <br><br> [Doc. No. 10.] |
|---|---|

On April 10, 2012, the Court conducted a telephonic discovery hearing on defendant's Ex Parte Motion for Expedited Discovery. [Doc. No. 27.] The Court addressed the requirement that the party demanding discovery prior to a Rule of Civil Procedure 26(f) conference establish good cause, as defined in *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2011 WL 1938154 (N.D.Cal., 2011). Pursuant to the issues discussed, in particular the scope of the discovery sought at this early stage of the proceedings, the Court **HEREBY ORDERS**:

1. Defendant's Ex Parte Motion is **DENIED WITHOUT PREJUDICE**.

2. The parties shall meet and confer on each of the written discovery requests propounded, and the depositions requested by defendant.

3. Should the parties reach an impasse in their meet and confer discussions and require a judicial determination on one or more of the discovery demands, they shall file a Joint Motion for Determination of Expedited Discovery Dispute prepared in the format

attached to this Order at page 4. When preparing the Joint Motion, the parties are to *specifically* address the good cause factors delineated in *Apple v. Samsung, supra*. Any such Motion shall be filed no later than **April 20, 2012.**

4. Requests for extensions of hearing dates on the pending Motion for a Preliminary Injunction Hearing and Motion to Dismiss shall be directed to the chambers of District Judge Bencivengo.

5. The parties are directed to review Judge Crawford's Chambers' Rules which are posted on the Court's website.

**IT IS SO ORDERED.**

Date: 4/11/12

Karen S. Crawford
United States Magistrate Judge

## PROCEDURES FOR DISCOVERY DISPUTES AND SETTLEMENT CONFERENCES

## BEFORE MAGISTRATE JUDGE KAREN S. CRAWFORD

### I. Discovery Disputes

**A.  Timing of Motions:** Unless otherwise ordered, any motion regarding a discovery dispute or for a protective order relative to discovery shall be brought by joint motion as described in Section "D" below and filed no later than 45 days after the date on which the event giving rise to the dispute occurred.  For oral discovery, the event giving rise to the dispute is the completion of the transcript of the affected portion of the deposition.  For written discovery, the event giving rise to the discovery dispute is the service of the response, **not** the date on which counsel reach an impasse in meet and confer efforts.

**B.  Meet and Confer Requirements:** Counsel must meet and confer on all issues **before** contacting the Court.  If counsel are located in the same district, the meet and confer must be in person.  If counsel are located in different districts, then telephone or video conference may be used for meet and confer discussions.  In no event will meet and confer letters, facsimiles or emails satisfy this requirement.

**C.  Depositions:** If a dispute arises during the course of a deposition, you are to call the Court's law clerks and ask the Court for a ruling.  If the Court is unable to review the matter at that moment, you are to have the subject portion of the deposition transcript marked, and proceed with the deposition in other areas of inquiry until the Court can get back to you.  If the matter cannot readily be resolved by the Court, or the Court is not available, the Court may require the parties to file a joint motion as provided at subparagraph D below.

**D.  Disputes Over Discovery Requests:** If the parties reach an impasse in their meet and confer discussions regarding discovery requests (e.g. interrogatories, requests for admissions, requests for production, subpoenas), the parties shall submit a **"Joint Motion for Determination of Discovery Dispute."**  The Joint Motion is to include:

   1.  The particular discovery request in dispute and, in the case of written requests, the exact wording of the discovery request;

   2.  The exact response to the request by the responding party;

   3.  A statement by the propounding party as to why a further response should be compelled; and,

   4.  A precise statement by the responding party as to the bases for all objections and/or claims of privilege.

Any such joint motion shall be accompanied by (1) a declaration from **lead** trial counsel of each party to the dispute of compliance with the meet and confer requirement; and, (2) points and authorities (not to exceed 10 pages per side).

A party seeking to bring a discovery dispute before the Court must provide the opposing party a reasonable opportunity to contribute to the joint motion. An *ex parte* motion to compel is only appropriate under circumstances where the opposing party refuses to participate in contributing to the joint motion after a reasonable opportunity has been provided, or if the motion to compel is directed to a non-party.  This Court considers a minimum of 5 business days prior to the anticipated filing date of the joint motion to be a reasonable time period for a party to participate meaningfully in the preparation of the joint motion. *Ex parte* motions to compel discovery that do not contain a declaration stating the opposing party has been given a meaningful opportunity to participate in a Joint Motion will be rejected by the Court.

**Sample Format: Joint Motion for Determination
Of Discovery Dispute**

**Request No. 1**: Any and all documents referencing, describing or approving the Metropolitan Correctional Center as a treatment facility for inmate mental health treatment by the Nassau County local mental health director or other government official or agency.

**Response to Request No. 1**: Objection. This request is overly broad, irrelevant, burdensome, vague and ambiguous and not limited in scope as to time.

**Plaintiff's Reason to Compel Production**: This request is directly relevant to the denial of Equal Protection for male inmates. Two women's jails have specifically qualified Psychiatric Units with certain license to give high quality care to specific inmates with mental deficiencies. Each women's psychiatric Unit has specialized professional psychiatric treatment staff (i.e., 24 hour psychiatric nurses full time, psychiatric care, psychological care, etc.). Men do not have comparable services. This request will document the discrepancy.

**Defendant's Basis for Objections**: This request is not relevant to the issues in the case. Plaintiff does not have a cause of action relating to the disparate psychiatric treatment of male and female inmates. Rather, the issue in this case is limited to the specific care that Plaintiff received. Should the Court find that the request is relevant, defendant request that it be limited to a specific time frame.

## II. Settlement Conference Procedures

**A.    Attendance**: All parties, adjusters for insured defendants, and other representatives of a party **having full and complete authority to enter into a binding settlement**, and the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss settlement of the case. Full authority to settle means that the individuals at the settlement conference be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Pitman*, 216 F.R.D. at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001). Failure of any of the aforementioned to appear **in person** will result in the imposition of sanctions. Where settlement authority rests with a governing body, counsel shall propose special arrangements in advance for securing timely authority to settle.

**B.    Settlement Conference Briefs**: All parties are required to lodge a **confidential** settlement brief before the Settlement Conference. Please refer to the Court's order for the due date for the brief. Settlement briefs should not exceed ten (10) pages in length, double spaced, exclusive of exhibits, if any. Copies of all documents that might enhance the productivity of negotiations (e.g., contracts, key correspondence or memos, reports of experts, photos, medical bills, wage loss statements, selected pages from deposition transcripts or responses to other discovery) should be attached as exhibits to the settlement briefs with significant portions highlighted for easy reference. Parties may also attach as exhibits helpful judicial opinions and information about the settlement or judgment value of comparable cases. Each brief shall set forth the following required confidential information:

1.    A brief analysis of the key issues involved in the litigation;

2.    A description of the strongest and weakest legal and factual points in the party's case;

3.    A description of the strongest and weakest legal and factual points in the opponent's case;

4. The status of any settlement negotiations, including the last settlement proposal made by each party; and

5. The settlement proposal that the party is willing to make in order to conclude the matter and spare the further expense of litigation.

Parties should hand deliver, mail, or electronically mail the **original only** of settlement briefs directly to chambers. If the submission exceeds 20 pages, a paper copy **must** be delivered or mailed to chambers. FAX briefs will not be accepted. **Settlement briefs are confidential and shall not be served on opposing parties nor shall they be filed.**

Chambers of Magistrate Karen S. Crawford
United States District Court
101 West Broadway, Suite 1100
San Diego, CA 92101
email: [efile_crawford@casd.uscourts.gov]
