James F. Basile (SBN 228965)
james.basile@kirkland.com
Elizabeth L. Deeley (SBN 230798)
elizabeth.deeley@kirkland.com
Adam L. Gray (SBN 262557)
adam.gray@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Susan Marie Davies (*Admitted pro hac vice*)
susan.davies@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Attorneys for Defendant
FACEBOOK, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMBREEL HOLDINGS LLC; YONTOO LLC; and THEME YOUR WORLD LLC,<br><br>            Plaintiffs,<br><br>      vs.<br><br>FACEBOOK, INC.,<br><br>            Defendant. | CASE NO. 12-CV-00668-CAB-KSC<br><br>**DEFENDANT FACEBOOK, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED EX PARTE APPLICATION FOR LEAVE TO FILE DECLARATIONS IN RESPONSE TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge:            Hon. Cathy Ann Bencivengo<br>Hearing Date:  August 9, 2012<br>Hearing Time: 10:00 a.m.<br>Dept.:             Courtroom 2 |

Facebook, Inc. ("Facebook") seeks leave to file two supplemental declarations in response to the new material Sambreel presented for the first time in its Reply in Support of Motion for Preliminary Injunction ("Reply"). The Court should grant the relief because Facebook would be unfairly prejudiced without an opportunity to address these new assertions. Plaintiffs do not object to Facebook submitting the supplemental declarations, and do not object to the Court's consideration of those declarations. Decl. of Elizabeth L. Deeley ¶ 4.

Sambreel filed a motion for a preliminary injunction on March 19, 2012 (Doc. No. 3-1) ("Mot."). Pursuant to this Court's order (Doc. No. 37), Facebook filed a timely Opposition on July 13, 2012. Doc. No. 41. Sambreel filed its Reply (Doc. No. 45) on July 27, 2012. With its Reply, Sambreel filed a Declaration of Matthew Adams in Support of Reply on Preliminary Injunction (Doc. No. 45-4) ("Adams Declaration" or "Adams Decl."). The Adams Declaration contains a number of previously undisclosed assertions. Because Sambreel introduced these assertions for the first time in a declaration accompanying its Reply, Facebook was unaware of them, and was unable to address them in its Opposition.

For example, the Adams Declaration discusses a product called "PageCraze." *See* Adams Decl. ¶¶ 3-15. He describes PageCraze as a "Facebook Application that operates on the Facebook Platform." *Id.* ¶ 3. Sambreel asserts that PageCraze "operates in a fashion that is nearly indistinguishable from Facebook's description of PageRage—except that it does not show advertising to its users" (Reply at 6:10-11), and suggests that Facebook nevertheless permits PageCraze to continue operating. *See id.* Facebook seeks to respond to Sambreel's new assertions with the Second Declaration of Jud Hoffman in Support of Defendant's Opposition to Plaintiffs' Motion for a Preliminary Injunction, attached hereto as Ex. 1.

The Adams Declaration also purports to provide an "analysis" of a Facebook toolbar. Sambreel asserts that the toolbar "modifies a user's web browsing experience" by obscuring or pushing website content from the visible area of the browser window, and describes its behavior as somehow comparable to Sambreel's PageRage product. Adams Decl. ¶¶ 16-23; *see also* Reply at 5-6. Facebook seeks to respond to these new assertions with the Supplemental Declaration of James E.

Hung in Support of Defendant's Opposition to Plaintiffs' Motion for Preliminary Injunction, attached hereto as Ex. 2.

It would be unfair and unduly prejudicial for the Court to consider Sambreel's new purported evidence on Reply[1] without giving Facebook the opportunity to rebut these new materials. "[T]he district court should not consider the new evidence without giving the non-movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (citation and alteration omitted); *Pacquiao v. Mayweather*, No. 2:09-cv-2448-LRH-RJJ, 2010 WL 3271961, at *1 (D. Nev. Aug. 13, 2010) ("[T]he court cannot consider new evidence provided in a reply when the other party does not have an opportunity to respond to the evidence.") (citing *Provenz*, 102 F.3d at 1483); *see also, e.g.*, *Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 975-76 (N.D. Cal. 2006) (citing *Provenz* and permitting defendants to file supplemental declarations in response to new evidence introduced in plaintiffs' preliminary injunction Reply). The *ex parte* relief Facebook seeks should therefore be granted.

## CONCLUSION

Sambreel submitted new material with its Reply, depriving Facebook of an opportunity to respond to Sambreel's assertions. Facebook should be permitted to respond, and respectfully requests that the Court grant it leave to file the attached declarations in response to Sambreel's motion for a preliminary injunction.

DATED: August 6, 2012              Respectfully submitted,

                                   KIRKLAND & ELLIS LLP

                                   */s/ Elizabeth L. Deeley*
                                   Elizabeth L. Deeley
                                   elizabeth.deeley@kirkland.com
                                   James F. Basile
                                   james.basile@kirkland.com
                                   Adam L. Gray
                                   adam.gray@kirkland.com
                                   Susan Marie Davies (*admitted pro hac vice*)
                                   susan.davies@kirkland.com

---

[1] In moving for a preliminary injunction, Sambreel was required to "**serve[] and file[] with the notice of motion . . . all documentary evidence**" which [Sambreel] intends to submit in support" of its motion. *See* Civil Local Rule 7.1(f)(2)(a) (emphasis added). A "district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

# CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2012 I electronically filed the foregoing **DEFENDANT FACEBOOK, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED EX PARTE APPLICATION FOR LEAVE TO FILE DECLARATIONS IN RESPONSE TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** with the Clerk of the court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the Court's Electronic Mail Notice List and will be sent by overnight mail delivery to the following:

> Daniel Kotchen
> KOTCHEN & LOW LLP
> 2300 M Street NW, Suite 800
> Washington, DC 20037

DATED:  August 6, 2012                         By: */s/ Elizabeth L. Deeley*
                                                    Elizabeth L. Deeley